United States District Court
Southern District of Texas

**ENTERED**

October 20, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 16-2232 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE and EXECUTIVE DIRECTOR | § | |
| BRAD LIVINGSTON, in his official | § | |
| capacity, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending is Defendants' Motion for Reconsideration (Document No. 41), in which Defendants seek reconsideration of the Memorandum and Order denying their Motion for Summary Judgment. Having considered the motion, Plaintiff's response in opposition, and the contents of the September 6, 2017, Memorandum and Order, the Court concludes that the arguments advanced by Defendants in their Motion for Reconsideration were all either directly or impliedly considered in connection with the ruling on Defendants' Motion for Summary Judgment.

There is some novelty to this case and the factual bases for Plaintiff's retaliation claim. That is, in part, due to the fact that what constitutes an "adverse employment action" for purposes of a retaliation claim have not been well settled or established following *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). But, taking the summary judgment evidence in the light most favorable to Plaintiff in this case, it cannot be said that the alleged adverse employment action in this case would not "have dissuaded a reasonable worker from" engaging in protected activity. It may be, at trial, that Plaintiff will be unable to establish a supportable retaliation claim, but at this stage

there are factual disputes surrounding the context of Plaintiff's alleged protected activity, and the intent or state of mind of Plaintiff's supervisors on the date Plaintiff was assaulted by inmate Anchondo that preclude summary judgment. As such, Defendants' Motion for Reconsideration (Document No. 41) is DENIED.

Signed at Houston, Texas, this 20th day of October, 2017.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

2